# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROCK AIRPORT OF PITTSBURGH, LLC,

      Appellant,                             14cv1196
                                                       **ELECTRONICALLY FILED**

      v.

MANAGEMENT SCIENCE ASSOCIATES,
INC.

      Appellee.

## MEMORANDUM OPINION

Before the Court is Appellant/Debtor's (hereinafter "Rock Airport's") Appeal from the Bankruptcy Court's Order dated August 8, 2014, filed at document number 830. See Bankruptcy No. 09-23155-CMB, doc. no. 830. In this Appeal, Rock Airport contends that the Bankruptcy Court – after holding a hearing evidence on this matter – erred in overruling its Objection to the claim Appellee (hereinafter "MSA") purchased. Specifically, Rock Airport contends in this Appeal that MSA did not establish the merits of its claim by a preponderance of the evidence. See doc. no. 4.

MSA disagrees with Rock Airport, and counters that: (1) this Appeal is now moot due to subsequent developments that transpired in September through the Bankruptcy Court proceedings; and (2) even if this Court were to consider the substantive arguments raised by Rock Airport in this Appeal, the Court would have to conclude that the findings of the Bankruptcy Court were not clearly erroneous, but to the contrary, were well supported by the record.[1]  See doc. no. 5.

---

[1] MSA also contends, secondarily, that it should prevail on the merits as well. The Court concurs that this Appeal is moot for the reasons stated *infra.,* and because the Court finds this matter moot, it will not address the substantive issue raised by Rock Airport.

## I. Jurisdiction and Standard of Review

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). A District Court sits as an appellate court in bankruptcy proceedings. *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012).

The standards of review that apply to this case are as follows:

First, this Court cannot disturb the factual findings of a bankruptcy court unless they are clearly erroneous. *In re Gray*, 558 Fed. Appx. 163, 166 (3d Cir. 2014); see also *Accardi v. IT Litig. Trust (In re IT Group, Inc.)*, 448 F.3d 661, 667 (3d Cir. 2006). A factual finding is "clearly erroneous" if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319, n.14 (3d Cir. 2011); see also *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the fact-finder unless that determination is either: (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted).

Second, this Court exercises plenary, or *de novo*, review over any legal conclusions reached by the bankruptcy court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); see also *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

Third, if the Bankruptcy Court's decision is a mixed question of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). The Court should "apply a

clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

Finally, this Court reviews a bankruptcy court's exercise of discretion for abuse. *In re Friedman's Inc.*, 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## II. Factual and Procedural Background

Because this Court has written several extensive Opinions this year in several related cases – see case nos. 14-cv-0085 (Court Opinion at doc. no. 6), 14-cv-0086 (Court Opinion at doc. no. 6), 14-cv-0091 (Court Opinion at doc. no. 12), 14-cv-1105 (Court Opinion at doc. no. 3), 14-cv-1314 (Court Opinion at doc. no. 4), and most recently at 14-cv-1195 (Court Opinion at doc. no. 8) – it will not belabor the underlying facts.

By way of brief background, on June 9, 2014, MSA purchased the Priscilla Grden Trust claim (see Bankruptcy No. 09-23155-CMB, doc. no. 671), and on June 20, 20, 2014, MSA filed a Plan of Reorganization asserting it had standing to do so based upon its status as a "creditor" through the purchase of the aforementioned claim. Rock Airport filed an Objection to the claim, and the Bankruptcy Court held a hearing on this matter. The Bankruptcy Court wrote an eleven-page Opinion, wherein it analyzed all of the evidence that had been proffered through written submissions as well as live testimony, and ultimately concluded that MSA had an allowed unsecured claim. See Bankruptcy No. 09-23155-CMB, doc. no. 830, pp. 5-10. This, in turn, provided MSA with standing to file its own Plan of Reorganization – a Plan which the Court

ultimately did not confirm.  Rather, the Bankruptcy Court confirmed the Plan filed by the

Trustee.  See Bankruptcy No. 09-23155-CMB, doc. nos. 1030-1031.  The Bankruptcy Court

simultaneously confirmed the Trustee's chapter 11 plan of liquidation and granted the Trustee's

Motion to sell Rock Airport's property free and clear of liens.[2]

**III. Discussion**

On September 29, 2014, this Court upheld the decision of the Bankruptcy Court declining

to stay the sale of Rock Airport's assets – including the real property.  See doc. no. 4, in case no.

14-cv-1314.  In affirming the decision of the Bankruptcy Court, this Court applied a four-part

preliminary injunction test, and found that the Movant, Rock Ferrone, failed to meet any one of

the four parts.[3]  Accordingly, the Court agreed with the Bankruptcy Court that the sale of Rock

Airport's assets should proceed.

The following day, on September 30, 2014, the United States Court of Appeals for the

Third Circuit denied Rock Ferrone's "Motion to Interim Stay" pending the Court of Appeals'

consideration of his appeal.  See text order entered on September 30, 2014, in docket no. 14-cv-

1314.

This Court has reviewed the Bankruptcy Court's docket and notes that on September 30,

2014, a Report of Sale, which included a copy of the HUD-1 Settlement Statement, was filed.

See Bankruptcy No. 09-23155-CMB, doc. no. 1074.  This  Report confirms that "[a] closing was

held on September 30, 2014, in connection with the sale of the Property (as defined in the Asset

---

[2] Of particular interest to Rock Ferrone, was the Rock Built Building.  The Bankruptcy Court through a series of hearings and rulings, determined that the Rock Built Building was owned by the Debtor, Rock Airport, and thus, it became part of the assets which were sold under the sale Motion.  See doc. no. 4, in docket number 14-cv-1314, pp. 5-6, fn. 1.

[3] The Court adopts its analysis set forth on pages eight through eleven of that Memorandum Order as if the same were more fully set forth herein.  See doc. no. 4, filed in case no. 14-cv-1314.

4

Sale and Purchase Agreement entered into between Natalie Lutz Cardiello as Trustee for the Debtor and Alaskan Property Management Company, LLC on March 6, 2014), including real property . . . ." Id. The sale price recorded was $9,000,000.00. Thus, the sale of Rock Airport's real property has taken place.

Just as this Court's noted in its Opinion filed in case no. 14-cv-1195, it likewise notes in this case that the Bankruptcy Court had three reorganization plans to choose from: the Trustee's Plan, Rock Airport's Plan, and MSA's Plan. The Bankruptcy Court chose the Trustee's plan, and upon executing that Plan, sold Rock Airport's assets for nine million dollars. The Court finds that the sale of the assets (including the real property) and the Court's decision to implement the Trustee's Plan, not MSA's Plan, renders the instant Appeal filed by Rock Airport, moot.

Moreover, both parties to the instant matter – Rock Airport and MSA – contemplated that the Bankruptcy Court could choose to implement the Trustee's Reorganization Plan and thereby render this appeal moot. Shortly after filing this appeal, Rock Airport and MSA filed a "Stipulation and Agreed Order Regarding Briefing Schedule" which requested an extension to the Brief filing deadlines in this case and set forth in relevant part:

> WHEREAS, Appellant Rock Airport's Briefs in the two (2) pending appeals are to be filed on or before September 18, 2014;
>
> WHEREAS, a sale of Rock Airport assets has been approved, but not yet confirmed, by the Bankruptcy Court;
>
> WHEREAS the Plans of Reorganization of both Rock Airport and MSA remain pending but will likely become moot upon confirmation of the sale of Rock Airport assets;
>
> WHEREAS, the Bankruptcy Court has scheduled a continued hearing on the confirmation of the sale for September 15, 2014 if a consensual order regarding confirmation of the sale is not submitted first;

> WHEREAS, confirmation of the sale **would not only likely render the pending Plans of Reorganization moot but, further, would likely render the two (2) appeals pending in this Honorable Court moot as well**[.]

Doc. no. 2, p. 2 (emphasis added).

## IV. Conclusion

The Court finds based on the foregoing that the instant Appeal is now moot, and will dismiss this Appeal accordingly.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:   All Registered ECF Counsel and Parties